UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IDELLA CORLEY

                                    CIVIL ACTION

VERSUS

                                    NUMBER 06-882-SCR

STATE OF LOUISIANA, THROUGH
DIVISION OF ADMINISTRATION
OFFICE OF RISK MANAGEMENT

## RULING ON MOTION TO STRIKE, MOTION FOR ENTRY OF PROTECTIVE ORDER, AND MOTION IN LIMINE

Before the court is defendants' Motion to Strike, Motion for Entry of a Protective Order, and Motion in Limine.  Record document number 110.  The motion is opposed.[1]

### Background

Defendants' motion to strike is directed to the plaintiff's 359 paragraph Amended Complaint filed August 22, 2008.[2]  Defendants moved to strike the allegations contained in paragraphs 14-15, 33-34, 36-44, 46-69, 84-85, 138, 157, 165-69, 176, 206-07 and 220-23, and parts of paragraphs 35, 163, 208 and 219.  Defendants essentially argued that these paragraphs should be stricken because they contain evidentiary details about employment actions taken against others which did not involve the plaintiff, and/or employment actions related to individuals who are not similarly

---

[1] Record document number 106.

[2] Record document number 40.

situated to the plaintiff.  According to the defendants, these allegations are irrelevant to the claims asserted by the plaintiff in this case, which are individual claims of race discrimination and retaliation under federal and state law.  Defendants maintained that striking the immaterial allegations is warranted because their presence in the complaint has confused and hindered the discovery process in this case.

Plaintiff opposed the defendants' motion to strike portions of her amended complaint.  Plaintiff essentially argued[3] that none of her allegations should be stricken because they support her claims that (1) the defendants' employment actions, including her termination in February 2007,[4] were a pretext for race discrimination and retaliation and (2) the defendants continually engaged in unfair and discriminatory employment practices against other African-American employees.  Plaintiff asserted that the amended complaint demonstrates that she, as well as other black employees in the Division of Administration and Office of Risk Management, were repeatedly subjected to employment actions that had an adverse impact on African-Americans in the workplace, e.g., denial of promotions, position upgrades, training, salary increases

---

[3] Plaintiff's memorandum and exhibits, which together are almost 1,800 pages, have been reviewed but are too extensive to even summarize in this ruling.

[4] Plaintiff began working in the Office of Risk Management on August 12, 2002.

and pay raises. Plaintiff also argued that the alleged discrimination against her co-workers supports her claim for intentional infliction of emotional distress/mental anguish. Therefore, plaintiff argued, it would be an abuse of discretion for the court to strike any of the allegations and exclude from this litigation the defendants' discrimination against other African-Americans co-workers.

## Analysis

It is apparent from the plaintiff's memorandum and exhibits that the plaintiff intends to offer proof of more than her own individual claim for race discrimination and retaliation. Plaintiff alleges and will seek to prove that the defendants engaged in a long-standing pattern and practice of discriminatory employment actions against other African-American employees in the Division of Administration/Office of Risk Management.

However, the case law is clear that a pattern and practice claim is not a separate and free-standing cause of action. A pattern and practice case is typically brought either by the government, or as a class action, to establish that unlawful discrimination has been a regular procedure or policy followed by the employer. A pattern and practice case is really only another method of proving discriminatory treatment. A pattern and practice case, or method of proof used in such a case, cannot be pursued by a plaintiff who files an individual, non-class action suit alleging

that the defendants took adverse discriminatory employment actions against her.[5]

Plaintiff did not file a class action complaint, and is suing only as an individual. Plaintiff sought to establish liability against the defendants for alleged discriminatory/retaliatory employment actions taken against her, and to obtain individual relief and judgment in her favor. Therefore, to the extent the plaintiff alleged unrelated discriminatory actions by the defendants against other African-American employees in the agency where she worked, such allegations do not constitute separate claims that can be brought by the plaintiff, and the events are irrelevant to the plaintiff's individual claims of discrimination/retaliation.[6]

---

[5] *See*, *Celestine v. Petroleos De Venezuella SA*, 266 F.3d 343, 355-56 (5th Cir. 2001); *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2008); *Admire v. Strain*, 566 F.Supp.2d 492, 504 (E.D. La. 2008); *Thompson v. Sanderson Farms, Inc.*, 2006 WL 2559852 (S.D. Miss. Sept. 1, 2006).
The essential difference between an individual's claim of discrimination and a class action alleging a general pattern and practice of discrimination is clear. The inquiry on an individual's claim is the reason for a particular employment decision, while in proving a pattern and practice the focus often will not be on individual hiring decisions, but on a pattern of discriminatory decisionmaking. *Celestine*, 266 F.3d at 355. An individual proceeding with an individual claim under Title VII must prove her case under the *McDonnell Douglas* framework. *Id*.

[6] To the extent the plaintiff alleges that the defendants retaliated against her for opposing discriminatory actions against other employees, the plaintiff does not have to prove that the employment actions she opposed were actually unlawful. The opposition clause only requires the employee to show that she had
(continued...)

A motion to strike under Rule 12(f), Fed.R.Civ.P., is the appropriate remedy for the elimination of redundant, immaterial, and impertinent matter in any pleading.  Such a motion serves to clean up the pleadings, streamline the case and avoid unnecessary inquiries into immaterial matters.[7]  Defendants' motion satisfies these standards and fulfills the purpose of Rule 12(f). Plaintiff's allegations about discriminatory employment actions taken against other African-American co-workers and which did not involve the plaintiff, and allegations about employment actions related to individuals who are not similarly situated to the plaintiff, are immaterial.  The presence of these allegations in the Amended Complaint has caused - and continues to cause - discovery disputes, and it serves no useful purpose to allow them to remain in the complaint.  Striking the immaterial allegations will ensure that the remaining discovery will focus on the only claims that can be litigated in this case, which are the plaintiff's individual claims for race discrimination and retaliation under federal and state law.

Review of the allegations in light of the applicable law

---

[6](...continued)
at least a reasonable belief that the practices opposed were unlawful.  *Long v. Eastfield College*, 88 F.3d 300, 304-09, n. 10 (5th Cir. 1996), *citing*, *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1137-41 (5th Cir. 1981).

[7] *See*, 5C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1380 (3d ed. 1998).

establishes that, with the exception of paragraphs 14-15, 157, 163, the defendants' Motion to Strike should be granted.

Plaintiff's individual claims - not events/claims related to her co-workers - will now define the scope of discovery. Discovery will be limited to information related to employment actions involving the plaintiff, and/or events related to employees who are similarly situated to the plaintiff.[8]  Therefore, because the effect of granting of defendants' Motion to Strike is to limit the scope of discovery to those matters relevant to the plaintiff's individual claims.  Consequently,  it is unnecessary to enter a separate protective order as urged by the defendants.

Defendants also moved in limine to exclude from the trial any testimony or evidence concerning individuals who are not similarly situated to the plaintiff.  Defendants acknowledged that this motion is premature.[9]  Therefore, the Motion in Limine will be denied on this basis.

## Conclusion

Accordingly, under Rule 12(f), the defendants' Motion to Strike is granted in part.  The allegations contained in paragraphs 33-35, 36-44, 46-69, 84-85, 138, 165-69, 176, 206-07, 208 (except

---

[8] *See*, *Sprint/United Management Co. v. Mendelsohn*, 522 U.S. 379, 128 S.Ct. 1140, 1147 (2008)("similarly situated" inquiry is fact specific and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case).

[9] Record document number 110-1, supporting memorandum, p. 15, n. 14.

the last paragraph), 219 (the two references to Naomi Sandres), and 220-23 are stricken from the plaintiffs' Amended Complaint filed August 22, 2008.  The Motion to Strike is denied as to paragraphs 14-15, 157 and 163.

Defendants' Motion for Entry of a Protective Order is denied as moot.

Defendants' Motion is Limine is denied, without prejudice, as premature.

Baton Rouge, Louisiana, August 16, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE