UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IDELLA CORLEY

VERSUS

STATE OF LOUISIANA, THROUGH
DIVISION OF ADMINISTRATION,
OFFICE OF RISK MANAGEMENT

CIVIL ACTION

NUMBER 06-882-SCR

**RULING ON MOTION TO QUASH DEPOSITION SUBPOENA**

Before the court is the Defendants' Motion to Quash Subpoena and Notice of Deposition of Barbara Goodson. Record document number 112. The motion is opposed.[1]

On August 6, 2010 the plaintiff served a notice to take the deposition of defendant Barbara Goodson on September 8, 2010.[2] Defendants objected to the deposition being taken until the court ruled on their then-pending Defendants' Motion to Strike, Motion for Entry of a Protective Order, and Motion in Limine. Defendants argued that if their motion to strike is granted the scope of allowable discovery would be significantly limited. Plaintiff argued that limiting discovery, as sought by the defendants, would be an abuse of discretion because it is undisputed that she has first hand and personal knowledge of employment decisions involving her co-workers.

---

[1] Record document number 115.

[2] Record document number 111.

All of the plaintiff's arguments have been considered.  It is clear that if allowed to do so the plaintiff intends to question Goodson about employment decisions regarding other employees made over the course of many years.  Other than information about similarly situated employees, the information the plaintiff will seek would not be relevant to her claims nor would it be reasonably calculated to lead to admissible evidence.  Considering the applicable law,[3] the plaintiff's arguments, although sincerely made, are not persuasive.

Defendants' primary objection to deposing Goodson was mooted by the court's Ruling on Motion to Strike, Motion for Entry of a Protective Order, and Motion in Limine.  The effect of the ruling is to limit the scope of allowable discovery to matters relevant to the plaintiff's individual claims - not events/claims related to her co-workers.  Discovery will be limited to information related to employment actions involving the plaintiff, and/or events related to employees who are similarly situated to the plaintiff.

Defendants also argued in their supporting memorandum that the subpoena to Goodson should be quashed because the plaintiff failed to personally serve Goodson with a copy of the subpoena pursuant to

---

[3] See record document number 116, Ruling on Motion to Strike, Motion for Entry of Protective Order, and Motion in Limine, pp. 3-6.

2

Rule 45(b), Fed.R.Civ.P.[4]

"Though Rule 30 does not say so expressly, a subpoena is not necessary if the person to be examined is a party or an officer, director, or managing agent of a party.  Rule 37(d) provides sanctions for the failure of a party – or an officer, director, or managing agent of a party – to appear for the taking of his or her deposition after notice has been served upon the witness and the courts have reasoned that notice alone, without subpoena, is sufficient." 8A Wright, Miller & Marcus, *Federal Practice and Procedure, Civil 3rd*, § 2107, pp. 507-9 (footnotes citing cases omitted).  Because Goodson is a party, the plaintiff is not required to serve her with a subpoena.  Rather, only service of a notice is required.[5]

Accordingly, the Defendants' Motion to Quash Subpoena and Notice of Deposition of Barbara Goodson is denied.

Baton Rouge, Louisiana, August 17, 2010.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] Record document number 112-3, p. 3, n. 1.

[5] Although the defendants noted that the plaintiff unilaterally scheduled Goodson's deposition, record document number 112-3, p. 3, the defendants did not argue that they did not receive "reasonable written notice" as required by Rule 30(b)(1).

3