```
                    UNITED STATES DISTRICT COURT

                    MIDDLE DISTRICT OF LOUISIANA


IDELLA CORLEY
                                          CIVIL ACTION
VERSUS
                                          NUMBER 06-882-SCR
STATE OF LOUISIANA, THROUGH
DIVISION OF ADMINISTRATION,
OFFICE OF RISK MANAGEMENT
```

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is the Plaintiff's Motion to Compel Discovery. Record document number 71. The motion is opposed.[1]

The subject of this discovery dispute is the plaintiff's First Set of Requests for Production of Documents.[2] After the defendants provided documents in response to the 25 document requests included in the first set, the plaintiff reviewed the documents produced and now contends that the defendants' responses were deficient with regard to the following Requests for Production of Documents: 4, 6, 8-11, 14, 16, 18-23 and 25. Plaintiff then filed this motion to compel the defendants to provide supplemental responses.

**Requests For Production Which Require No Supplemental Response**

Request for Production No. 4

In this request the plaintiff sought production of all

---

[1] Record document number 89. Plaintiff filed a reply to the defendants' opposition. Record document number 94.

[2] Record document number 71-1.

documents reviewed, maintained, and/or generated by the defendants or any other person, related to plaintiff's internal grievances filed on February 1, 2005, June 3, 2005, May 10, 2006 and November 28, 2006.  Plaintiff complained that the defendants failed to provide any documents related to action taken on her last internal grievance filed in November 2006.  According to the plaintiff, the defendants should have responsive documents because they were required by their policies to respond to the grievance.  Plaintiff also contended that she is entitled to all documents related to the earlier grievances that were generated by all the parties involved in this suit.

Defendants responded that no action was taken on the November 2006 grievance because of the plaintiff's subsequent termination. Consequently, they do not have any documents related to this grievance.  As to the other grievances, the defendants stated that all documents related to the grievances which were reviewed, maintained or generated by them, rather than "any person" as sought by the plaintiff, have been produced because the request for documents from "any person" is too broad.

Plaintiff's argument that the defendants were required to process or should have processed her final grievance does not change the fact that they did not take action on the grievance and

do not have any documents related to it.[3]  With regard to the earlier grievances, the production of all documents related to the grievances that were maintained or generated by the defendants is sufficient.  Thus, there is no basis to order the defendants to produce any more documents in response to Request for Production No. 4.

Request for Production No. 8

Plaintiff's Request for Production No. 8 called for production of all documents related to the June 27, 2006 official internal investigation by the Division of Administration.  Plaintiff contended that the defendants have not produced all the investigation documents they have, and that she believes the defendants are withholding certain documents on the basis of attorney client and/or work product protection.  Defendants stated that they have produced all statements and documents regarding the investigation and have no more documents to produce.

While the plaintiff believes that the defendants have not produced all documents responsive to the request, the plaintiff's belief is insufficient to compel the defendants to produce more

---

[3] In her reply memorandum, the plaintiff essentially argued that the defendants' handling of her November 2006 grievance supports the merits of her retaliation claim.  These arguments were considered, but are not helpful in resolving the dispute over the adequacy of the defendants' discovery response.  Again, the plaintiff's argument that the defendants should have documents related to the November 2006 grievance does not change the fact that they do not have any.

documents.  Similarly, there is no basis for the court to compel the defendants to produce privileged documents that are responsive to this request.  Neither in their discovery responses nor in their opposition memorandum did the defendants assert attorney client privilege or work product protection in response to Request for Production Number 8.  Plaintiff's belief that the defendants have withheld documents based on privilege or work product protection is not supported by any facts.[4]  Therefore, there is no basis to order the defendants to provide a supplemental response to Request for Production No. 8.

Request for Production Nos. 10 and 11

These requests called for defendants to produce their trial exhibits and documents/reports related to expert witnesses.  Defendants responded to these two requests by stating they have no expert documents at this time, and the request for trial exhibits is premature.  In her reply memorandum the plaintiff conceded that the defendants responses to these discovery requests were not deficient.[5]

Therefore, as to Request for Production Nos. 10 and 11 there

---

[4] Plaintiff has a remedy under Rule 37(c)(1), Fed.R.Civ.P. if she can demonstrate that the defendants failed to provide information/discovery responses as required by Rule 26(a)and 26(e). If the plaintiff can make the showing under Rule 37(c)(1) then the rule's exclusion applies, unless the defendants can show that their failure was substantially justified or harmless.

[5] Record document number 94, Plaintiff's Reply Memorandum, p. 25.

is no longer any dispute to resolve.

Request for Production No. 18

In this request the plaintiff sought all documents related the workers' compensation claim she filed in January 2006.  To the extent the Office of Risk Management administrative unit possessed documents relevant to the this workers' compensation claim, the defendants stated that they have been provided to the plaintiff. Defendants stated further that they have produced over 1,000 other documents in the workers' compensation case pending in state court. Plaintiff conceded that the defendants' position has some merit and stated she was not seeking production of documents previously provided to her attorney in the workers' compensation case. However, the plaintiff asserted that the defendants should be compelled to produce all responsive documents in connection with her workers' compensation claim.

It is unclear from the plaintiff's arguments what documents she is claiming the defendants failed to provide.  Considering this and the defendants' statement that they have produced all the relevant documents from the Office of Risk Management, there is no basis to order any further production of documents in response to Request for Production No. 18.

Request for Production No. 19

In this request the plaintiff asked for all documents related to recruitment and filling of four positions: IT Liaison Manager,

State Risk Adjuster 6, Accountant Manager 2 and Administrative Program Manager 2.  In response to the plaintiff's motion, the defendants asserted that they have produced all the responsive documents they have,[6] but would conduct another search and supplement their response if any more documents are located.

Plaintiff lumped together her discussion of document requests 19 through 23.  It is impossible to determine from the motion what the plaintiff is claiming is deficient about the defendants response to this request for production.  Defendants are already obligated under Rule 26(e) to supplement their response if any additional relevant documents are located.  Therefore, there is no basis to compel the defendants to provide any further response to Request for Production No. 19.

Request for Production No. 25

Request for Production No. 25 sought all documents reviewed by her supervisors and the appointing authority in determining whether there was cause for adverse disciplinary actions taken against her.

In support of her motion as to this request, the plaintiff merely referenced her arguments in connection with Request for Production No. 8.[7]  Thus, the plaintiff's argument appears to be that she believes the defendants have not produced all the relevant

---

[6] Defendants identified the bates numbers of the documents produced.  Record document number 89, p. 6, n. 9.

[7] Record document number 94, p. 29.

documents they have and are withholding certain documents on the basis of attorney client and/or work product protection.

Again, the plaintiff failed to set forth any factual basis for her belief. Plaintiff is clearly entitled to discovery of any documents that formed the basis of the decisions to take adverse employment actions against her, but she did not specify what documents she believes have not been provided or are being withheld based on privilege/work product.

Defendants stated in response to the plaintiff's motion that they have already produced all responsive documents, but would conduct a search for additional responsive documents and supplement their response if any were located. Defendants are obligated under Rule 26(e) to supplement their response if any additional relevant documents are located. Thus, it is unnecessary to order the defendants to provide any supplemental response to Request for Production No. 25.

**Requests for Production Which Require a Supplemental Response**

<u>Request for Production No. 6</u>

Plaintiff asked the defendants to produce all documents obtained, reviewed, or generated by any person related to the Division of Administration safety audit conducted by Jack Travis on April 8, 2005. Plaintiff asserted that all documents related to the audit are relevant to her claims of retaliation.

Defendants stated that they produced documents from the files

of the individuals they knew would have information regarding the audit. Defendants stated further that after receiving notice from the plaintiff of other persons she believed had relevant information, they obtained additional information which they would make available for inspection and copying.

Based on the parties' memoranda it appears that there is no continuing dispute over this request for production. Defendants searched for and produced documents related to the audit. On notice from the plaintiff that other persons had relevant documents, the defendants also requested and obtained them to make them available to the plaintiff. However, it is unclear from the record whether the defendants have in fact produced the additional documents. If they have not done so, the defendants shall make a supplemental response to Request for Production No. 6 which includes the additional documents.

<u>Request for Production No. 9</u>

Plaintiff requested all documents showing any formal disciplinary action, including but not limited to reductions in pay, suspensions and terminations, taken by the defendants against any former or current employee, that occurred both during the course of her employment and after her termination. Plaintiff asserted that she is entitled to an order compelling the defendants to produce all documents responsive to the request as written.

Defendants argued that the request is clearly too broad and

would require them to search for and produce all documents regarding any formal disciplinary action against any of the approximately 150 employees of the Office of Risk Management for a six year period. Defendants stated that they have run reports showing Office of Risk Management employees who have received reductions in pay equal to a suspension and suspensions without pay,[8] and have collected documents on formal disciplinary actions taken against the four individuals identified by the plaintiff in her motion.[9] Defendants stated that subject to the protective order they would make these documents and the reports available to the plaintiff for inspection.[10]

Defendants' objection has merit. Request for Production No. 9 as written is plainly over broad. Defendants response is sufficient. However, it is again unclear from the defendants' memorandum whether they have carried through with their commitment to provide the documents they said they would produce. Therefore, if they have not already done so, the defendants shall to produce the reports and documents obtained from their search, including all those related to Sandres, Copeland, Jenkins and Lejeune.

---

[8] Defendants stated that they are unable to compile a report of employment separations resulting from disciplinary actions. Record document number 89, p. 4.

[9] Plaintiff identified Naomi Sandres, Dora Copeland, Al Jenkins, and Rick Lejeune. Record document number 71-2, Attachment 3, p. 2.

[10] Record document number 89, p. 4.

Request for Production No. 14

This request called for production of leave records for the plaintiff, Naomi Sandres and Anne Gianellioni from June 1, 2002 through September 2007. In response to the plaintiff's motion, the defendants stated that they had already produced a leave report for the plaintiff, but acknowledged that they had failed to produce the records for Sandres and Gianellioni. Defendants stated that they would provide the responses.

Therefore, if they have not already done so, the defendants shall supplement their response to Request for Production No. 14 by supplying the requested leave reports for Sandres and Gianellioni for the period June 1, 2002 through September 2007.

Request for Production No. 16

In this request the plaintiff sought copies of all types of reports related to the plaintiff's employment and dismissal that were compiled by any investigative service and/or any other person/company at the request of the Office of Risk Management.

In response to the plaintiff's motion, defendants stated that when the made their discovery response they produced all responsive reports in their possession. Defendants acknowledged that since that time they have run another report that is responsive to the plaintiff's request, and stated that it would be made available to the plaintiff.

In her reply memorandum the plaintiff disputed the defendants'

10

assertion about the additional report, but acknowledged the defendants' willingness to produce it and requested that they be ordered to do so.

Therefore, if they have not already done so, the defendants shall provide a supplemental response to Request for Production No. 16.

Request for Production No. 20

Plaintiff sought production of all documents related to the creation of several positions within the Office of Risk Management.[11]  Defendants stated that they have produced the position descriptions for five of the six positions, but they inadvertently failed to produce documents regarding the Attorney Deputy General Counsel position.  Defendants agreed to make those documents available for inspection.

Since defendants acknowledged that they did not produce some documents, if they have not already provided them, the defendants shall supplement their response to Request for Production No. 20.[12]

---

[11] The positions listed were IT Liaison Officer Manager, Attorney-Deputy General Counsel 2, Accountant Administrator, Administrative Specialist 1, Executive Staff Officer, and Administrative Coordinator 3.

[12] Plaintiff complained that the defendants failed to produce any personal emails in response to her document requests related to recruitment/establishment of new positions, 6.5(g) and optional pay.  Again, the plaintiff's personal belief that the defendants should have emails that are relevant to these requests, is not a basis upon which to find the defendants' responses deficient.

Request for Production Nos. 21, 22 and 23

In these three requests the plaintiff sought all documents related to: (1) 6.5(g) Hiring Above Minimum Range pay requests for any current or former Division of Administration employee from July 1, 2002 through the current date; (2) approved job allocations requests and/or job corrections, job studies and voluntary demotions for all employees within the Office of Risk Management from July 1, 2002 through the current date; and (3) Optional Pay Adjustment Awards granted to any Division of Administration employee beginning July 1, 2002 through the current date.

With regard to documents related to 6.5(g) pay, the defendants agreed to produce documents regarding employees of the Office of Risk Management who received 6.5(g) pay.

Defendants response is reasonable. Plaintiffs' claims are for individual discrimination and retaliation. Requiring the defendants to produce documents for employees in the entire Division of Administration is overbroad and not reasonably calculated to lead to discovery of admissible evidence.[13] Therefore, the defendants shall supplement their response to Request for Production No. 21 by producing documents related to approval/receipt of 6.5(g) pay for any employees of the Office of Risk Management during the period July 1, 2002 through July 1,

---

[13] Defendants stated that searching for the documents for identified employees within the Division of Administration would require inspection of the personnel files of 250 employees.

2007.[14]

Plaintiff asked defendants to produce all documents related to approved job allocations requests and/or job corrections, job studies and voluntary demotions for all employees within the Office of Risk Management from July 1, 2002 through the current date. Defendants stated that they produced four reports identifying the employees of the Office of Risk Management who were subjects of listed job actions, and the date and reason for each action. Defendants stated further that they ran additional reports and would make those reports available for inspection, but asserted that it would be an undue burden to search for and retrieve documents on the 109 employees who were the subject of the listed job actions, because most of the listed persons worked in units other than the Office of Risk Management and had different supervisors.

Defendants' argument has merit. Given the nature of the plaintiff's claim it would unreasonable to require the defendants to produce documents related to job actions involving 109 employees. If they have not already done so, the defendants shall produce the additional reports they have run which contain information on job reallocations, job corrections and voluntary demotions responsive to Request for Production No. 22.

---

[14] Plaintiff agreed that production of documents covering a five year period is acceptable. Record document number 94, Plaintiff's Reply Memorandum, p. 29.

With regard to Optional Pay Adjustment awards, the defendants stated that they produced a report identifying 262 employees in the Division of Administration who received Optional Pay Adjustments from fiscal year 2000 through August 5, 2008. Defendants maintained that to obtain information from the personnel files of these 262 employees would be unduly burdensome, since most of them worked in offices other than the Office of Risk Management. Defendants, however, stated that they have obtained additional documents regarding Office of Risk Management employees who received Optional Pay Adjustments and would make those documents available to plaintiff.

Therefore, to extent the defendants have not already done so, they shall make a supplemental response to provide these additional documents responsive to Request for Production No. 23.

Finally, the plaintiff also moved to compel production of all exhibits referenced in her amended complaint that she designated as missing exhibits. Defendants noted that the plaintiff did not include this in a formal discovery request. However, the defendants agreed to obtain as many of the documents as that they could locate and make them available to the plaintiff.[15]

Therefore, at the same time the defendants' make their supplemental responses, they shall also provide those missing exhibits they have located.

---

[15] Record document number 89, pp. 9-10.

**Expenses under Rule 37(a)(5)**

Under Rule 37(a)(5)(C), Fed.R.Civ.P., if a motion to compel is granted in part and denied in part the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. Review of the motion shows that the number of requests for production that defendants are required to provide a supplemental response is roughly equal to the number of responses that were not deficient. Therefore, a reasonable apportionment of the expenses incurred in connection with the motion is for the parties to bear their own costs.

**Conclusion**

Accordingly, the Plaintiff's Motion to Compel Discovery is granted in part. As set forth above, within 14 days the defendants shall produce, or make available for inspection and copying, all documents included in their supplemental responses to Requests for Production of Document Nos. 6, 9, 14, 16 and 20-23. The remaining aspects of the plaintiff's Motion to Compel Discovery are denied. The parties shall bear their respective expenses incurred in connection with this motion.

Baton Rouge, Louisiana, August 18, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE