UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IDELLA CORLEY

VERSUS

STATE OF LOUISIANA, THROUGH
DIVISION OF ADMINISTRATION,
OFFICE OF RISK MANAGEMENT

CIVIL ACTION

NUMBER 06-882-SCR

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is the Plaintiff's Motion to Compel Discovery and Request for Expedited Consideration and Sanctions. Record document numbers 96 and 97. The motion is opposed.[1]

The subject of this motion is a dispute over the Plaintiff's Second Requests for Production of Documents, Nos. 1-6, and 8-17.[2] For the reasons that follow, the plaintiff's motion is denied.[3]

Request for Production of Document Nos. 1 through 4

Plaintiff requested production of copies of the official policies/procedures of the Division of Administration related to internal investigations, discrimination/harassment, and personnel

---

[1] Record document number 98 and 99. Plaintiff also filed a reply. Record document number 101-1.

[2] Record document number 96, Plaintiff Exhibit A (Plaintiff's Second Request for Production of Documents). Plaintiff's Request for Production No. 7 was a duplicate of Request for Production No. 6.

[3] Defendants have a continuing duty under Rule 26(e), Fed.R.Civ.P., to supplement any document production they have made in response to any discovery request included in plaintiff's Second Request for Production of Documents.

policies, and official written policies implemented in the Office of Risk Management during the tenure of defendants Julian S. Thompson and Patricia Reed. Although the plaintiff generally asserted that the defendants did not produce all responsive documents, she failed to specify what was deficient about the defendants' responses to these four requests.[4]

Defendants responded to these discovery requests by stating that they would make the documents available and also referred the plaintiff to a method of public access to some of the policies.[5] Defendants stated in their response to the plaintiff's motion that they have fully responded to provide the policies in effect during the plaintiff's employment.

Therefore, a review of the memoranda and exhibits shows that no further response is required from the defendants as to Requests for Production Numbers 1 through 4.

Request for Production of Documents No. 5

Plaintiff requested copies of all documents related to extensions of details to special duty that exceeded one year and required prior approval from the Department of State Civil Service. In response the defendants stated that they would make available for inspection a report identifying employees who were placed on

---

[4] Record document number 96, p.3; Record document number 96, Plaintiff Exhibit C, p. 5; Record document number 101-1, Plaintiff Exhibit A.

[5] Record document number 96, Plaintiff Exhibit B.

2

special duty in the Office of Risk Management under Rule 8.16(d) since May 2002.

Plaintiff agreed to limit the scope of her request to cover a five year period.  However, the plaintiff maintained that the defendants' production of the report was insufficient, and that she was entitled to all documents related to the information included in the report.

Plaintiff's argument is unpersuasive.  As explained in the Ruling on the Motion to Strike, Motion for Entry of Protective Order, and Motion in Limine (hereafter, Ruling on Motion to Strike) the plaintiff is only entitled to discover information related to employment actions and employees connected to her own individual claims of discrimination and retaliation.[6]  Defendants have produced a relevant report identifying the employees who were placed on special duty.  Plaintiff has not explained how the report is deficient or identified any employee who she contends is similarly situated to her.  Without such a showing there is no basis to require the defendants to produce any more documents in response to Request for Production Number 5.

Request for Production No. 6

Plaintiff requested copies of all unclassified, temporary positions established in the Division of Administration, Office of Risk Management under Civil Service Rule 4.1(d) during the tenure

---

[6] Record document number 116, pp. 3-5.

of Thompson and Reed. Defendants objected on the basis of relevancy, asserting that the documents sought in this request are not related to the plaintiff's claims in this case.

Defendants' objection has merit. Plaintiff merely asserted that the information she is seeking is relevant to prove her claims of "disparate treatment of African-Americans in the workplace."[7] Plaintiff did not bring a class action and does not have standing to assert the claims of other employees. Again, the plaintiff is only entitled to obtain information related to her individual claims of discrimination and retaliation.[8] Because the plaintiff cannot explain how the documents are relevant to her individual claims, the defendants' objection is sustained.

<u>Requests for Production Nos. 8-10 and 12</u>

Viewed as a whole, in these four requests the plaintiff sought production of documents concerning various disciplinary/employment actions under several Civil Service and work rules, taken against employees in the Division of Administration or the Office of Risk Management under the supervision of Thompson and Reed. In response the defendants produced reports identifying Office of Risk Management employees who: (1) were removed pursuant to Civil Service Rule 12.6(a) since August 2002, (2) took leave without pay since August 2002, (3) took annual leave in lieu of sick leave

---

[7] Record document number 96, Plaintiff Exhibit C, p. 6.

[8] Record document number 116, pp. 3-5.

4

since May 2002, and (4) were separated from employment from August 2002 through August 2007.

Again, the plaintiff failed to explain how the reports produced are deficient. Plaintiff also failed to show how further document production is reasonably calculated to produce information about adverse employment actions taken against her and/or employees similarly situated to her who were treated more favorably. To the extent the plaintiff argued that she needs the information and documents to generally show that preferential treatment was given to white agency employees over similarly situated black agency employees, the rationale of the Ruling on Motion to Strike again applies. This type of discovery is not relevant to the plaintiff's individual claims of disparate treatment based on race and retaliation.

Request for Production No. 11

Plaintiff requested all documents related to every employee in the Division of Administration who was issued a pre-disciplinary notice or formally disciplined under various Civil Service rules. Plaintiff essentially argued that the defendants should be required to respond to the request as written because she needs the information to compare the punishment she received to others who have been disciplined for committing the same misconduct.

Defendants responded that they had previously produced documents related to formal discipline of employees in the Office

of Risk Management, and should not be required to respond any further.

Plaintiff's argument is not persuasive. As written, Request for Production No. 11 is plainly overbroad. Plaintiff worked in the Office of Risk Management. Plaintiff failed to explain how documents pertaining to employees who worked throughout the entire Division of Administration, but did not work in the Office of Risk Management, could possibly be relevant to her individual claims of race discrimination and retaliation.

Request for Production No. 13

Plaintiff requested copies of all Civil Service appeals, EEOC complaints, workers' compensation claims and federal/state lawsuits filed by employees in the Office of Risk Management during the tenures of Thompson and Reed. Defendants objected to production of any documents in response to this request on ground of relevancy.

It is apparent that the plaintiff's purpose in this request is to obtain documents to prove that other black agency employees were treated differently and less favorably than their white co-workers.[9] Plaintiff did not explain how the documents are reasonably calculated to lead to discovery of evidence relevant to her own claims.

Therefore, the defendants' relevance objection is sustained.

Request for Production No. 14

Plaintiff requested documents related to the examination of

---

[9] Record document number 96, Plaintiff Exhibit C, pp. 12-13.

her computer, and the computers of Patricia Glass, Mary Ann Christopher and any other agency employee. Defendants responded that they would produce documents related to the examination of the plaintiff's computer, but they did not have documents related to any examination of the computers of Glass and Christopher. Defendants maintained that they have fully responded to this request regarding forensic examination of computer hard drives.

In her motion the plaintiff disputed the defendants' statements regarding records related to Glass and Christopher. Plaintiff stated that Christopher was willing to testify and provide a sworn affidavit that the defendants did examine their computers.

Plaintiff did not provide an affidavit from Christopher. Therefore, there is no basis to order the defendants to produce any more documents in response to Request for Production No. 14.

<u>Request for Production No. 15</u>

Plaintiff requested copies of all documents concerning her employment, which the defendants sent to or received from the Louisiana Office of Employment Security, Office of Workers' Compensation and the EEOC.

Defendants responded to this request by stating that the plaintiff or her attorney were provided with copies of all documents sent to or received from the Office of Workers' Compensation, the defendants had previously produced documents sent to the Department of Labor, and they agreed to produce the

7

documents sent to and received from the EEOC.  Defendants asserted in response to the plaintiff's motion that they have fully responded to this request for documents.

It is not clear on what basis the plaintiff is claiming that the defendants' response is deficient.  Considering this and the defendants' statement that they have fully responded, there is no basis to order the defendants to produce any more documents in response to Request for Production No. 15.

Request for Production Nos. 16 and 17

In Request for Production No. 16, the plaintiff listed nine positions in the Office of Risk Management and requested copies of position descriptions, job specifications, allocation requests, job corrections and any updates.  In Request for Production No. 17, the plaintiff listed four individuals employed in the Office of Risk Management and requested copies of all documents related to their details to special duty.  Defendants objected on relevancy grounds, asserting that the documents sought in these requests would be totally unrelated to the plaintiff's claims.

It is apparent from the plaintiff's motion that she is attempting to obtain information in these requests to support her claim that the defendants generally gave preferential treatment to white agency employees and engaged in a pattern and practice of discriminating against black employees.  Because the plaintiff has not explained as to how the documents sought would be relevant to her individual claims of discrimination and retaliation, the

8

defendants will not be required to provide documents in response to Requests for Production Nos. 16 and 17.

### Expenses under Rule 37(a)(5)

This motion was filed before the Ruling on Motion to Strike. That ruling removed allegations from the Amended Complaint which might otherwise have supported some of the plaintiff's discovery requests and arguments. This is a circumstance which makes an award of expenses to the defendants unjust. Rule 37(a)(5)(B).

### Conclusion

Accordingly, the Motion to Compel Discovery and Request for Expedited Consideration and Sanctions filed by the plaintiff is denied. The parties shall bear their respective expenses incurred in connection with this motion.

Baton Rouge, Louisiana, August 18, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE