UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IDELLA CORLEY

VERSUS

STATE OF LOUISIANA, THROUGH
DIVISION OF ADMINISTRATION,
OFFICE OF RISK MANAGEMENT

CIVIL ACTION

NUMBER 06-882-SCR

**RULING ON MOTION FOR STATUS CONFERENCE
OR ALTERNATIVE MOTION FOR HEARING
and
RULING ON MOTION FOR EXPLANATION
and
ORDER TO SUBMIT PROPOSED SCHEDULING ORDER DEADLINES**

Before the court are the Plaintiff's Motion for Setting Status Conference or in the Alternative Motion for Hearing and the plaintiff's Motion Requesting an Explanation for the Court's Inaction and/or Reason for Delayed Rulings on Pending Motion. Record document numbers 104 and 107, respectively.

These motions relate to the Plaintiff's Motion to Compel Discovery and the Plaintiff's Motion to Compel Discovery and Request for Expedited Consideration and Sanctions.[1]  Rulings on both of these motions have now been issued.[2]

Accordingly, the Plaintiff's Motion for Setting Status Conference or in the Alternative Motion for Hearing and the

---

[1] Record document numbers 71 and 96

[2] Record document numbers 118 and 119, respectively.

plaintiff's Motion Requesting an Explanation for the Court's Inaction and/or Reason for Delayed Rulings on Pending Motion are denied, in part, as moot.

Plaintiff also requested that a new scheduling order be issued setting firm deadlines for the completion of discovery. The first Ruling on Motion to Compel Discovery (record document number 118) requires the defendants to make a supplemental document production. Also, it appears from recent correspondence submitted with the Defendants' Motion to Quash Subpoena and Notice of Deposition of Barbara Goodson that the plaintiff still has at least four persons she wants to depose and requested counsel for the defendants to provide her with available dates through October to take those depositions.[3] It is unclear whether the defendants have any additional fact discovery to complete.

In these circumstances, rather than a status conference, the better course is for the parties to confer and then provide the court with their best estimate of the time needed for them to complete the remaining discovery. If they can agree on a reasonable schedule for completing discovery the court can enter a scheduling order and a conference will not be necessary.

Therefore;

IT IS ORDERED that the plaintiff and counsel for the defendants confer in an attempt to agree on reasonable scheduling

---

[3] Record document number 112, exhibit A.

order deadlines, including (1) a deadline for completing fact discovery, (2) a deadline identifying their expert witnesses (if any), (3) a deadline for producing expert reports if required by Rule 26(a)(2)(B), Fed.R.Civ.P., (4) a deadline for completing expert discovery (including depositions of expert witnesses), and (5) a deadline for filing dispositive motions (different deadlines may be proposed depending on whether any party timely identifies an expert witness).

IT IS FURTHER ORDERED that the plaintiff and counsel for the defendants submit their agreed proposed deadlines to the court by October 18, 2010. If the plaintiff and counsel for the defendant cannot agree on all of the proposed deadlines, then they shall submit separate proposed deadlines.

It is the court's intention to assign the case for a final pretrial conference and for trial after entry of the scheduling order.

Baton Rouge, Louisiana, August 18, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE