UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IDELLA CORLEY

VERSUS

STATE OF LOUISIANA, THROUGH
DIVISION OF ADMINISTRATION,
OFFICE OF RISK MANAGEMENT

CIVIL ACTION

NUMBER 06-882-SCR

## ORDER TO PROVIDE EXPERT REPORT

The Amended Scheduling Order issued September 13, 2011 relieved the parties of the Rule 26(a)(2)(B), Fed.R.Civ.P., requirement that expert witnesses provide a report. The rule clearly provides that the court may relive the parties of the requirement to produce an expert report.[1] The intent of the order was to reduce litigation expenses, since expert reports can be costly to obtain. Moreover, since the defendants had not included any expert witness in their list of witnesses in the Uniform Pretrial Order,[2] it did not appear that there would be any expert witness who would have to provide a report. The parties were not required to include in their witness lists witnesses who would offer only impeachment or rebuttal testimony.

Plaintiff filed an opposition to the Amended Scheduling Order

---

[1] Rule 26(a)(2)(B) provides, in part, as follows: "**Unless otherwise** stipulated or **ordered by the court**, this disclosure must be accompanied by a written report..." (Emphasis added).

[2] Record document number 205.

insofar as it relieved the defendants' expert medical witness, Dr. Rennie Culver, of the requirement to produce a report.[3] Plaintiff explained that she underwent a psychological evaluation by Dr. Culver in connection with her pending workers' compensation claim and the defendants intend to rely on the testimony of Dr. Culver at the trial, but his testimony will be offered by deposition.[4] Dr. Culver's trial deposition is scheduled for October 14, 2011. Furthermore, although the plaintiff advised counsel for the defendants that she does not intend to participate in Dr. Culver's deposition, counsel carefully and correctly explained to her the possible consequence of not doing so.[5]

These circumstances were not known by the undersigned when the Amended Scheduling Order was issued. Upon further consideration, the better course is to require Dr. Culver to provide a Rule 26 report. Although the plaintiff is still not required to participate in Dr. Culver's deposition, with a report from him she can then reevaluate her decision, taking into consideration the

---

[3] Record document number 220.

[4] The court interprets the plaintiff's statement that she was "compelled" to submit to a psychological examination by Dr. Culver to mean that he was not her treating physician. Record document number 220, opposition, ¶ 5. Typically, a bona fide treating physician is not required by Rule 26(a)(2)(B) to provide a report because he is not retained or specially employed to provide expert testimony.

[5] Record document number 220, p. 6, September 19, 2011 letter to plaintiff.

2

opinions he would offer.

Therefore;

IT IS ORDERED that Dr. Rennie Culver provide to the plaintiff a report which complies with Rule 26(a)(2)(B), Fed.R.Civ.P., by October 10, 2011.

This order is not a determination that Dr. Culver's deposition testimony will be admitted into evidence at the trial.

Baton Rouge, Louisiana, September 29, 2011.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE