UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IDELLA CORLEY

VERSUS                                          CIVIL ACTION

STATE OF LOUISIANA, THROUGH                     NUMBER 06-882-SCR
DIVISION OF ADMINISTRATION,
OFFICE OF RISK MANAGEMENT, ET
AL

**RULING ON PLAINTIFF'S "OBJECTION"**

Before the court is the Plaintiff's Objections to the Magistrate Judge's Report. Record document number 216. Defendants filed an opposition.[1]

The Ruling on Motion for Summary Judgment was issued September 13, 2011.[2] The court issued a ruling on the Defendants' Motion for Summary Judgment since the parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). The ruling is not a recommendation to which the plaintiff may file an objection under § 636(b)(1).

Plaintiff argued in her objections that the findings which resulted in partially granting the defendants' Motion for Summary Judgment were erroneous and contrary to law. Although the plaintiff did not specifically ask that the ruling be reconsidered, since the plaintiff is proceeding pro se her objection could be

---

[1] Record document number 237.

[2] Record document number 208.

construed as a request for reconsideration. Plaintiff's Objections to the Magistrate Judge's Report was filed September 23, 2011.[3] Because her objections were filed within 28 days after the ruling, it would fall under Rule 59, Fed.R.Civ.P., as a motion for new trial.[4] Plaintiff's objections essentially re-urge her arguments made in opposition to the Defendants' Motion for Summary Judgment. Those arguments were previously considered. Plaintiff's objections do not provide a persuasive reason for the court to change any aspect of the Ruling on Motion for Summary Judgment.

Accordingly, to the extent that the Plaintiff's Objections to the Magistrate Judge's Report could be construed as a motion for new trial under Rule 59, her objections/motion are denied.

Baton Rouge, Louisiana, October 17, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] Record document number 216

[4] The Federal Rules of Civil Procedure do not provide for a motion to reconsider as such. Such a motion is treated as either a motion for new trial under Rule 59 or a motion for relief from judgment under Rule 60, depending on whether it is filed within the time allowed for a Rule 59 motion or the longer time allowed for a Rule 60 motion. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), rev'd on other grounds, 20 F.2d 259 (5th Cir. 1990).