UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


IDELLA CORLEY

VERSUS                                          CIVIL ACTION

STATE OF LOUISIANA, THROUGH          NUMBER 06-882-SCR
DIVISION OF ADMINISTRATION,
OFFICE OF RISK MANAGEMENT, ET
AL

### RULING ON DEFENDANTS' MOTIONS IN LIMINE

Before the court are nine Motions in Limine filed by the

defendants.  Plaintiff has filed oppositions to the motions, which

have all been considered.[1]


1.      **Defendants' Motion in Limine to Exclude Evidence
        Regarding Failure to Accommodate**[2]

In this motion the defendants seek to exclude from the trial

any arguments or evidence that they allegedly failed to accommodate

the plaintiff's health condition.  Defendants stated they

anticipate the plaintiff will testify that they failed to

---

[1] In her oppositions the plaintiff consistently referred
Plaintiff's Objections to the Magistrate Judge's Report.  Record
document number 216.  The court issued a Ruling on Motion for
Summary Judgment, record document number 208, since parties
consented to proceed before a magistrate judge pursuant to 28
U.S.C. § 636(c).  Plaintiff argued that the findings which resulted
in partially granting the defendants' Motion for Summary Judgment
were erroneous and contrary to law.  Plaintiff's Objections to the
Magistrate Judge's Report, to the extent they could be considered
as a Rule 59, Fed.R.Civ.P., motion, were denied. Record document
number 260.

[2] Record document number 210.

accommodate her medical condition in their assignment of her work
duties.  Defendants argued that such evidence should be excluded on
the following grounds: (1) the plaintiff did not bring a claim
under the Americans With Disabilities Act (ADA) and the evidence is
irrelevant to the plaintiff's federal retaliation claims; and, (2)
the admission of this evidence may suggest to the jury that the
plaintiff is claiming a violation of the ADA, resulting in sympathy
for the plaintiff and unfair prejudice to the defendants.
Plaintiff has filed an opposition which the court has considered.[3]

    After review of motion the court concludes that it cannot make
this determination prior to trial.  Some evidence related to the
plaintiff's medical conditions/failure to accommodate may be
relevant as background information or provide context for evidence
related to the plaintiff's protected activity.  The determination
of relevance and prejudice cannot be resolved until such time as
the plaintiff attempts to introduce some specific evidence on this
subject at trial.   If and when the plaintiff does so, the
defendants may object, for the reasons stated in this motion and/or
other reasons, and a decision can be made based on the nature of
the evidence offered and the context and purpose for which it is
offered.

    Accordingly, the ruling on the Defendants' Motion in Limine to
Exclude Evidence Regarding Failure to Accommodate is denied.

---

[3] Record document number 245.

Case 3:06-cv-00882-SCR   Document 261    10/17/11  Page 2 of 13

## 2. **Defendants' Motion in Limine to Exclude Evidence Regarding Lost Wages**[4]

In this motion the defendants moved to exclude any arguments or evidence that the plaintiff suffered lost wages as a result of the termination of her employment. Defendants argued that exclusion of this evidence is appropriate because the plaintiff has been disabled and unable to work since December 6, 2008. Plaintiff also has not sought or obtained employment since her termination. Therefore, defendants argued, she failed to mitigate her damages and cannot recover any lost wages. Plaintiff opposed the motion in part based on the argument that the issue of any lost wages is an issue for the court to decide. Therefore, the issue is inappropriate for decision on a motion in limine.[5]

Plaintiff's argument has merit. Unlike an award of compensatory damages, awards of equitable relief such as front and back pay under Title VII are decided by the court.[6] Therefore, it would not be appropriate to decide the issue of lost wages/mitigation of damages prior to trial and before the jury

---

[4] Record document number 211.

[5] Record document number 246.

[6] *See*, *Gamboa v. Henderson*, 240 F.3d 1074 (5th Cir. 2000)(unpublished), *citing*, *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 423 n. 19 (5th Cir. 1998); *see also*, *Black v. Pan American Laboratories, L.L.C.*, 646 F.3d 254, 263 (5th Cir. 2011)(because back pay is equitable remedy, district court did not have to empanel an advisory jury, but could decide the back pay issue itself absent the parties' agreement to the correct amount).

3

makes a determination on the issue of liability.[7]

Accordingly, the ruling on the defendants' Motion in Limine to Exclude Evidence Regarding Lost Wages suffered as a result of the plaintiff's termination is denied.

3. **Defendants' Motion in Limine to Exclude Plaintiff's Testimony Regarding the Cause of Her Medical Condition**[8]

Defendants moved to exclude the plaintiff's testimony regarding a causal connection between the alleged retaliatory conduct and the psychological damages she claims she suffered as a result of that conduct. Defendants argued that the plaintiff's testimony on this subject is not admissible under Rule 701, Fed.R.Evid., which prohibits a lay witness from offering opinions or inferences that must be based on specialized knowledge under Rule 702, Fed.R.Evid. According to the defendants, testimony on causation or a medical opinion must be based on specialized knowledge introduced only through a qualified expert witness, not through a lay witness. Since the plaintiff has not been designated an expert and cannot qualify as an expert, her testimony is not admissible based on the restrictions on lay opinion testimony under Rule 701. In support of their arguments the defendants relied on

_____

[7] At an appropriate time and outside the presence of the jury, the court will set a time for hearing evidence and argument related to these issues.

[8] Record document number 212.

4

case law from other circuits and district courts.  Plaintiff filed

an opposition which the court has considered.[9]

Compensatory damages for emotional distress and other tangible

injuries are not presumed from the mere violation of constitutional

or statutory rights.   An award compensatory damages requires

specific, individualized evidence, including how the plaintiff was

personally affected by the discriminatory conduct and the nature

and extent of the harm.  While a plaintiff's testimony alone may

not be sufficient to support anything more than a nominal damage

award, the Fifth Circuit has not held that medical evidence or

corroborating testimony is required for an award of mental anguish

damages under 42 U.S.C. § 1981a(b)(3).  Therefore, the testimony of

a plaintiff alone can support an award for emotional damages.

*Migis*, *supra*; *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 470-71

(5th Cir. 2001); *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927

(5th Cir. 1996); *DeCorte v. Jordan*, 497 F.3d 433, 442 (5th Cir.

2007); *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 (Cir. 5th

2000).

These cases make it clear that lay testimony from the

plaintiff can support an award of psychological damages resulting

from discriminatory or retaliatory conduct.   Based on the

controlling jurisprudence in the Fifth Circuit, the defendants'

Motion in Limine to Exclude Plaintiff's Testimony Regarding the

---

[9] Record document number 247.

Case 3:06-cv-00882-SCR   Document 261    10/17/11  Page 5 of 13

Cause of Her Medical Conditions is denied.

    4.    **Defendants' Motion in Limine to Exclude Lay Witnesses Testimony Regarding Causation of Plaintiff's Psychological Damages**[10]

Defendants also filed a similar motion to exclude the testimony of other lay witnesses regarding the cause of the plaintiff's psychological injury and damages. Defendants essentially cited the same arguments and case law they relied on to support their motion in limine related to the plaintiff's testimony on her psychological damages. Plaintiff filed an opposition urging the same arguments she made to oppose the previous motion.[11] Essentially for the reasons explained in connection with the motion in limine to exclude the plaintiff's testimony, this motion must also be denied.[12]

Defendants also argued that any testimony from other lay witnesses should be excluded because it is inherently unreliable, speculative and not based on first hand knowledge. This argument is unpersuasive as basis for ruling on a motion in limine.

---

[10] Record document number 214.

[11] Record document number 249.

[12] The cases in the Fifth Circuit show that corroborating testimony to support the plaintiff's testimony of her mental anguish damages can come from lay witnesses such as a co-worker, parent or spouse. *See*, *Giles v. General Elec. Co.*, 245 F.3d 474, 488 (5th Cir. 2001); *Salinas v. O'Neill*, 286 F.3d 827, 832 (5th Cir. 2002); *Denner v. Texas Dept. of Criminal Justice*, 2006 WL 2987719 (W.D. Tex. Oct. 16, 2006).

Case 3:06-cv-00882-SCR   Document 261   10/17/11   Page 6 of 13

Defendants can raise these objections at trial if they believe any witness's testimony is speculative, unreliable or not based on first-hand knowledge.

Accordingly, the defendants' Motion in Limine to Exclude Lay Witnesses Testimony Regarding Causation of Plaintiff's Psychological Damages is denied.

5.   **Defendants' Motion in Limine to Exclude Evidence Regarding Plaintiff's Workers' Compensation Claims**[13]

Defendants anticipate the plaintiff will present evidence or argument regarding her workers' compensation claims and argued that such evidence would be irrelevant and unduly prejudicial. Defendants noted that the plaintiff has no longer has a retaliation or other claim associated with her workers' compensation claim. Therefore, any evidence related to this subject is not relevant and would prejudice the defendants by creating sympathy for the plaintiff.  Plaintiff filed an opposition which the court has considered.[14]

Although the plaintiff's workers' compensation retaliation claim was dismissed on summary judgment, it is possible that evidence related to the plaintiff's workers' compensation claims could be relevant to the plaintiff's remaining retaliation claim

_____

[13] Record document number 213.

[14] Record document number 248.

and/or the issue of damages. The better course is to deny the motion, leaving to the defendant to object when the plaintiff attempts to introduce some specific evidence on this subject at the trial.

Accordingly, the ruling on the defendants' Motion in Limine to Exclude Evidence Regarding Plaintiff's Workers' Compensation Claims is denied.

6.  **Defendants' Motion in Limine to Exclude Testimony of Angele Davis, Jerry Luke LeBlanc, Jean Vandal, and Whitman J. Kling**[15]

Defendants moved to exclude the testimony of Angele Davis, Jerry Luke LeBlanc, Jean Vandal, and Whitman J. Kling on the ground that they have no personal knowledge of the plaintiff's remaining retaliation claim. Defendants noted that Kling and Davis were not employed with the DOA when the employment actions at issue occurred, and neither LeBlanc or Vandal were personally involved in the employment decisions underlying the retaliation claim.

Although LeBlanc, Vandal and Davis, were the Commissioner and Deputy Commissioners during the period of time the plaintiff was employed with the ORM, the plaintiff has not shown either in the description of their expected testimony or in her response to this

---

[15] Record document number 223.

Case 3:06-cv-00882-SCR   Document 261   10/17/11   Page 8 of 13

motion,[16] that these DOA officials were decisionmakers or had any other personal involvement in the employment actions that are the basis of the plaintiff's retaliation claim. Kling was no longer the appointing authority for the DOA as of March 2005. However, as to Kling, the plaintiff has shown that he has information about the grievance process that may be relevant to the retaliation claim.

Accordingly, Defendants' Motion in Limine to Exclude Testimony of Angele Davis, Jerry Luke LeBlanc, Jean Vandal, and Whitman J. Kling is granted as to Davis, LeBlanc and Vandal and the motion is denied as Kling.

7.    **Defendants' Motion in Limine to Exclude Evidence of Alleged Discrimination**[17]

Defendants' moved to exclude the testimony of six witnesses to the extent the plaintiff intends to call them to testify about their own claims of discrimination and observations of discrimination in the DOA, and their discussions with the plaintiff

---

[16] Record document number 250. Plaintiff gave an identical description of the testimony of the four witnesses: "To testify to claims asserted by the parties in this instant suit, policies, procedures, and practices of the Division of Administration and discriminatory practices." Record document number 221. Plaintiff also gave this same description regarding the testimony of eight other witnesses, four of which are defendants: Goodson, Graham, Thompson, Reed, Cardona, McCallum, Batiste, and Toney.

[17] Record document number 224.

9

regarding discrimination against blacks in the ORM.[18] Defendants

essentially argued that this proposed testimony is irrelevant

because the plaintiff's claims for race discrimination and

harassment have been dismissed, and any testimony of these

witnesses on those subjects is not relevant to the plaintiff's

retaliation claim. Defendants also argued that even if the

testimony is relevant, admission of this evidence would be unduly

prejudicial because the evidence would confuse the jury by creating

mini-trials, and mislead the jury into believing that the plaintiff

has a discrimination claim, which in fact has been dismissed.

Plaintiff filed an opposition which the court has considered.[19]

Plaintiff relied on her objections to the Ruling on Motion for

Summary Judgment, essentially arguing that the evidence from these

witnesses should not be excluded because it was error for the court

to dismiss her claims for racial discrimination and harassment.

Plaintiff did not explain how any testimony from these witnesses

about their own discrimination claims, their observations of what

they perceived to be discrimination in the DOA, and their

---

[18] The witnesses are Janet Chriss, Naomi Sandres, Albert
Jenkins, Bynie Wells, Janet London and Elfreda Russell. Of these
six witnesses, London and Russell are the two who will testify as
to discussions with the plaintiff about discriminatory treatment of
blacks in the ORM. Plaintiff also indicated that some of the
witnesses (Chriss, Sandres, Jenkins and Wells) would testify about
the effects of the defendants' conduct on the plaintiff. This
motion does not seek to exclude that aspect of their testimony.

[19] Record document number 251.

Case 3:06-cv-00882-SCR    Document 261    10/17/11    Page 10 of 13

discussions with the plaintiff regarding what they believed to be discrimination against blacks in the ORM, could be relevant to her retaliation claim.

Accordingly, the Defendants' Motion in Limine to Exclude Evidence of Alleged Discrimination from witnesses Janet Chriss, Naomi Sandres, Albert Jenkins, Bynie Wells, Janet London and Elfreda Russell is granted.


8.   **Defendants' Motion in Limine to Exclude**
     **Testimony Regarding Plaintiff's Employment**
     **With Employers Other Than ORM**[20]

Defendants moved to exclude the testimony of eight witnesses listed to testify about the plaintiff's job performance and conduct at other state agencies where she worked prior to her being hired by the ORM.[21]  Defendants argued that this type of testimony is not relevant to the plaintiff's retaliation claim, and these witnesses have no personal knowledge of the plaintiff's claim for retaliation while she was employed by the ORM.

Plaintiff opposed the motion.[22]  Plaintiff argued that: (1) it would be unfair to allow the defendants to present evidence to support their argument that the plaintiff was insubordinate and

---

[20] Record document number 225.

[21] The witnesses are Ward S. Filgo, Angela S. Howard, Linda B. Lambert, Everette C. Roberts Jr., Cheryl A. Jones, Jennifer Guillory, Tammy M. Bridges, and Pearlie J. Johnson.

[22] Record document number 252.

Case 3:06-cv-00882-SCR   Document 261   10/17/11   Page 11 of 13

unable to get along with supervisors and co-workers, but not allow
her to present evidence from her former supervisors and co-workers
to rebut this evidence; and, (2) the testimony of these witnesses
is relevant because other evidence shows that her entire employment
history was considered in connection with filling of the Executive
Staff Officer position, and should have been considered in
determining what disciplinary action to take. Plaintiff's
explanation of the relevance of this evidence is persuasive.

Accordingly, the Defendants' Motion in Limine to Exclude
Testimony Regarding Plaintiff's Employment with Employers other
Than ORM is denied.


9. **Defendants' Motion in Limine to Exclude**
   **Plaintiff's Trial Exhibits**[23]

In this motion the defendants seek to exclude from being
introduced at trial approximately 260 exhibits listed by the
plaintiff. Plaintiff opposed the motion.[24]

Although the plaintiff listed hundreds of exhibits, it is not
clear that she will actually offer all of them in evidence. The
better course is to determine whether the exhibit is admissible if
and when the plaintiff attempts to offer it into evidence during
the trial.

---

[23] Record document number 226.

[24] Record document number 253.

12

Accordingly, the Defendants' Motion in Limine to Exclude Plaintiff's Trial Exhibits is denied.

## Summary

In summary, the Defendants' Motion in Limine filed at record document numbers 210, 211, 212, 213, 214, 225 and 226 are denied; Defendants' Motion in Limine filed at record document number 224 is granted; Defendants' Motion in Limine filed at record document number 223 is granted as to LeBlanc, Davis and Vandal and is denied as to Kling.

Baton Rouge, Louisiana, October 17, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

13