UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IDELLA CORLEY

VERSUS                                         CIVIL ACTION

STATE OF LOUISIANA, THROUGH                    NUMBER 06-882-SCR
DIVISION OF ADMINISTRATION,
OFFICE OF RISK MANAGEMENT, ET
AL

**RULING ON PLAINTIFF'S MOTIONS IN LIMINE**

Before the court are four Motions in Limine filed by the plaintiff. Defendants have filed oppositions to the motions which have all been considered.

1. **Plaintiff's Motion in Limine to Exclude Defendants' Uniform Pre-Trial Exhibits Nos. 61 - 65**[1]

Plaintiff moved to exclude these exhibits from being introduced at trial by the defendants. Exhibits 61 - 64 are audio recordings of a February 22, 2006 pre-deprivation meeting, a March 2006 PPR review meeting, an April 2005 PPR review meeting, and a September 2006 PPR re-rating meeting.[2] Exhibit 65 is a report of the forensic examination of the plaintiff's computer by the Office of Attorney General. Plaintiff argued that all of these exhibits are irrelevant and unduly prejudicial in light of the court's

---

[1] Record document number 230. Record document number 239, opposition memorandum.

[2] A "PPR" is a Personal Performance Review.

Ruling on Motion for Summary Judgment which dismissed all but her retaliation claim.[3] Plaintiff also argued that it would be unfair to allow the defendants to introduce these recordings and not allow her to introduce evidence of the recording of her interrogation by the defendants in June 2006. As to the report on the forensic examination of her computer, the plaintiff argued that it would be unfair and unduly prejudicial to permit the defendants to offer the testimony and evidence on this subject, and not allow her to rebut this evidence.

In their response the defendants stated that they do not intend to offer their Exhibit Number 63, the April 2005 recording. Defendants argued that the other recordings, Exhibits 61, 62 and 64, and evidence of the forensic examination of the plaintiff's computer are clearly relevant because they relate directly to their claim that the employment actions they took were legitimate and nonretaliatory.

Defendants' argument has merit. Essentially, the plaintiff's motion is unsupported and does not demonstrate that these exhibits are irrelevant, unfairly prejudicial or should be excluded on any other ground.

Accordingly, the Plaintiff's Motion in Limine to Exclude Defendants' Uniform Pre-Trial Exhibits Nos. 61 Through 65 is denied, and as to Exhibit No. 63, the motion is denied as moot.

---

[3] Record document number 208.

2. **Plaintiff's Motion in Limine to Exclude Testimony Regarding Plaintiff's Marriage; Plaintiff's Previous Filings of Divorce Petitions and Plaintiff's Husband's Past Criminal Record**[4]

Plaintiff argued that the two divorce petitions are irrelevant because her husband is not a party to this suit. Plaintiff also argued that the information should be excluded because: (1) the first petition was filed almost ten years before her employment at the Office of Risk Management ("ORM"); (2) the 2005 divorce petition shows that the defendants' treatment of her in the workplace did negatively affect her marriage and led to her filing the petition; and, (3) because the court dismissed her claims for intentional infliction of emotional distress and hostile work environment it would be unduly prejudicial to allow the defendants to introduce this type of evidence. As to the evidence of her husband's past criminal record, the plaintiff argued that it is not admissible under Rule 609(b), Fed.R.Evid., because the conviction is more than ten years old.

In their response the defendants agreed that evidence of the plaintiff's husband's felony conviction is not admissible because it occurred more than ten years ago. However, the defendants argued that the divorce petitions are relevant to the plaintiff's credibility and to her claim for emotional damages. Defendants

---

[4] Record document number 231. Record document number 243, opposition memorandum.

argued that they are entitled to present evidence to show that other stressors in the plaintiff's life, such as spousal abuse and marital discord, rather than their alleged retaliatory actions caused her emotional distress.

Plaintiff's motion acknowledges that she is claiming the defendants' alleged treatment of her in the workplace affected her marriage. This makes the divorce petitions relevant to the plaintiff's claim for compensatory damages based on emotional harm. The petitions dated before and during her employment at the ORM could be relevant to show that the plaintiff's marital problems were long-standing and were not caused by the alleged workplace retaliation. Defendants' statement that they do not intend to introduce her husband's conviction makes this aspect of the plaintiff's motion moot.

Accordingly, the Plaintiff's Motion in Limine to Exclude Testimony Regarding Plaintiff's Marriage; Plaintiff's Previous Filings of Divorce Petitions and Plaintiff's Husband's Past Criminal Record is denied, and as to evidence of her husband's past criminal record, the motion is denied as moot.

3. **Plaintiff's Motion in Limine to Exclude Defendants' Uniform Pre-Trial Exhibit No. 58[5]**

Plaintiff moved to exclude the defendants' Exhibit No. 58

---

[5] Record document number 232. Record document number 240, opposition memorandum.

which is a letter from attorney Jill Craft to the plaintiff dated November 9, 2006. In the letter, which the plaintiff attached to her motion, Craft informed the plaintiff that she would no longer represent the plaintiff and explained the reasons for this decision.[6] Plaintiff argued that the letter should be excluded on the basis of hearsay and undue prejudice. Plaintiff also disputed the contents of the letter[7] and argued that the letter should be excluded because the defendants did not disclose the letter or question the plaintiff about it until her deposition. According to the plaintiff this prevented her from deposing Craft and/or members of Craft's staff about the allegations in the letter. Plaintiff noted that the defendants did not list Craft or any of Craft's staff as trial witnesses, nor did the defendants submit an affidavit, declaration or recording to support the facts contained in the letter.

In their response the defendants argued that the contents of the letter are relevant to support their claim that the decision to terminate the plaintiff was entirely motivated by the plaintiff's insubordinate, inappropriate and difficult behavior, and not by unlawful retaliation. Plaintiff raised the issue of prejudice from

---

[6] Plaintiff also attached a November 4, 2005 letter from Craft to defendant Thompson, informing him that the plaintiff had retained Craft's law firm in connection with the plaintiff's claims.

[7] Plaintiff submitted a declaration under oath.

5

lack of notice, but the defendants asserted that the plaintiff produced the letter to them during discovery. With regard to the plaintiff's hearsay objection, the defendants stated that they intend to question Craft and establish through her testimony that the letter is admissible under the business record exception to the hearsay rule.[8]

Plaintiff's argument that she was prejudiced because the defendants did not ask her about the letter until her deposition is without merit. Plaintiff had the letter in her possession since Craft sent it to her in November 2006. Even if the plaintiff was not questioned about the letter until her January 2011 deposition, there is no indication that the plaintiff sought any additional discovery in an attempt to rebut Craft's statements in it. Furthermore, as noted by the defendants, the plaintiff has listed Craft as a will call witness and issued a trial subpoena to her.

Considering the contents of the letter and the defendants' reasons for terminating the plaintiff set forth in their January 23, 2007 termination letter,[9] the defendants' relevancy arguments have merit. However, the hearsay issue raised by the plaintiff cannot be resolved prior to trial. Therefore, the plaintiff's objections to the admissibility of the letter cannot be determined by a motion in limine.

---

[8] Rule 803(6), Fed.R.Evid.

[9] Record document number 188-4, p. 11-17, Corley deposition Exhibit 60.

Accordingly, the plaintiff's Motion in Limine to Exclude Defendants' Uniform Pre-Trial Exhibit No. 58 is denied.

4. **<u>Plaintiff's Motion in Limine to Exclude Testimony of Dr. Rennie Culver</u>**[10]

Plaintiff's moved to exclude the testimony Dr. Rennie Culver. Plaintiff stated that Dr. Culver's examination and his report were done in connection with her pending workers' compensation claim. Plaintiff argued that the defendants' motion in limine to exclude evidence related to her workers' compensation claim shows that this evidence obtained in connection with that claim would be irrelevant and unduly prejudicial. Plaintiff argued further that it would be unfair to allow evidence of Dr. Culver's examination and then grant the defendants' motion to exclude the plaintiff's Exhibit 453, which is her husband's affidavit and complaint to the Louisiana State Board of Medical Examiners about that examination.

In their response the defendants maintained that Dr. Culver's examination and opinions are clearly relevant to the plaintiff's claim for emotional damages.

Defendants' argument has merit. Furthermore, the plaintiff's arguments based on the defendants' Motions in Limine to exclude evidence related to her workers' compensation claim and the complaint to the Board of Medical Examiners have been denied. Therefore, that motion is not a basis to exclude Dr. Culver's

---

[10] Record document number 233. Record document number 241, opposition memorandum.

7

testimony.  Defendants also concede that the plaintiff and her husband may testify about how Dr. Culver conducted his examination if they wish to attack his credibility.

Accordingly, the plaintiff's Motion in Limine to Exclude Testimony of Dr. Rennie Culver is denied.

## Summary

In summary, for the reasons explained above, the Plaintiff's Motions in Limine filed at record document numbers 230, 231, 232, and 233 are denied.

Baton Rouge, Louisiana, October 18, 2011.

*(signature)*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE