UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IDELLA CORLEY

VERSUS                                            CIVIL ACTION

STATE OF LOUISIANA, THROUGH      NUMBER 06-882-SCR
DIVISION OF ADMINISTRATION,
OFFICE OF RISK MANAGEMENT, ET
AL

### RULING ON MOTION TO QUASH SUBPOENA

Before the court is a Motion to Quash Subpoena filed by Jill L. Craft. Record document number 242. In response to the court's order dated October 11, 2011 the plaintiff filed an objection which the court has considered.[1]

In the motion Craft stated she was served with the subpoena to appear and testify at the trial set for October 24-28, 2011. Craft stated that she formerly represented the plaintiff and the only information she possesses that might be relevant was obtained through their attorney client relationship. According to Craft the subpoena should be quashed because the plaintiff has not specifically and unequivocally waived her attorney client privilege.

In her objection to the motion the plaintiff stated that she has never waived the attorney client privilege related to any communications exchanged during the time Craft represented her.

---

[1] Record document number 255.

Plaintiff argued that this is a basis for not allowing the defendants to introduce their Exhibit No. 58, which is the November 9, 2006 letter from Craft to the plaintiff. Plaintiff argued further that if the court allows the defendants to introduce the letter, she is entitled to call Craft as a witness to rebut the contents of the letter. Plaintiff asserted that she is either entitled to a ruling denying this Motion to Quash Subpoena or a ruling granting Plaintiff's Motion in Limine to Exclude Defendants' Uniform Pre-Trial Exhibit No. 58.[2]

This motion and the plaintiff's objection establish that the plaintiff has waived her attorney client privilege as to November 9, 2006 letter.[3] However, a decision on its admissibility cannot be made prior to trial.[4] It is apparent that Craft would have information relevant to whether the letter is admissible as a business record under Rule 803(6), Fed.R.Evid. For this reason,

---

[2] Record document number 232.

[3] Obviously, the letter from Craft to the plaintiff was initially in the plaintiff's possession. In the Defendants' Memorandum in Opposition to Plaintiff's Motion in Limine to Exclude Defendants' Exhibit No. 58, the defendants stated that they obtained the letter from the plaintiff during discovery. Record document number 240. In her objection to this motion, the plaintiff did not dispute this statement by the defendants. Plaintiff also acknowledged in her motion in limine that she was questioned about the letter in her deposition. Record document number 232.

[4] See, Ruling on Plaintiff's Motions in Limine, record document number 269, pp. 4-7, denying Plaintiff's Motion in Limine to Exclude Defendants' Uniform Pre-trial Exhibit No. 58.

2

the motion cannot be granted based on the existence of the attorney client privilege, which is the only ground asserted in support of the motion.

Accordingly, the Motion to Quash Subpoena filed by Jill L. Craft is denied.

Baton Rouge, Louisiana, October 18, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

3