UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IDELLA CORLEY

VERSUS

STATE OF LOUISIANA, THROUGH
DIVISION OF ADMINISTRATION,
OFFICE OF RISK MANAGEMENT, ET
AL

CIVIL ACTION

NUMBER 06-882-SCR

**RULING ON MOTION TO WAIVE COST TO PREPARE TRIAL TRANSCRIPT**

Before the court is the Plaintiff's Motion Requesting Waiver of Cost to Prepare Trial Transcript and Expedited Consideration. Record document number 229.

Plaintiff was granted leave to proceed in forma pauperis on appeal.[1] The in forma pauperis statute, 28 U.S.C. § 1915, provides in relevant part, as follows:

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

The in forma pauperis statute does not provide for a trial

---

[1] Record document number 281.

transcript prepared at government expense upon the plaintiff's request.  Under subsection (c) this court may direct "printing of the record on appeal if such printing is required by the appellate court."  The November 30, 2011 letter to the plaintiff from the clerk of the Fifth Circuit Court of Appeals does not indicate that the appellate court has required printing the record on appeal or a trial transcript.[2]

Under 28 U.S.C. § 753(f) this court or the appellate court can require the fee of the court reporter to prepare a trial transcript to be paid by the United States if the "trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."[3]  Plaintiff filed a Notice of Appeal and then a Revised Notice of Appeal.  In her Revised Notice of Appeal the plaintiff stated she is appealing the Ruling on Motion for Summary Judgment and the subsequent Judgment.[4]  However, other than identifying the ruling and subsequent judgment as the subject of her appeal, the plaintiff has not identified any specific claim or issue, finding or legal conclusion made in the Ruling on Motion for Summary Judgment she intends to contest on appeal.[5]

---

[2] Record document number 290, Exhibit No. 2.

[3] *Brown v. Daniels*, 290 Fed.Appx. 467 (3rd Cir. 2008)(appellate court ordered court reporter to prepare trial transcript).

[4] Record document number 280, Plaintiff Revised Notice of Appeal; record document number 208, Ruling on Motion for Summary Judgment; record document number 276, Judgment.

[5] *Goodwin v. California Dept. Of Corrections Rehabilitation*, 2011 WL 115248 (N.D.Cal. 2011)(transcript request granted as
(continued...)

In her motion the plaintiff referred to "meaningful appellate review of a district court's decision to grant judgment as a matter of law without the testimony that would support or refute that determination."[6] After the plaintiff rested on her case-in-chief the defendants made an oral Rule 50(a), Fed.R.Civ.P., motion for judgment as a matter of law. The court granted the motion only as to the plaintiff's Title VII claims against the individual defendants.[7] Plaintiff has presented no non-frivolous, reasonably debatable basis for challenging this ruling. There simply was no "legally sufficient evidentiary basis" for the jury to find that any individual defendant was the plaintiff's employer for the purpose of Title VII.[8] Clearly, her employer for the purpose of Title VII was the State of Louisiana.[9]

Consequently, this court cannot find that the plaintiff's appeal would not be frivolous, i.e. present substantial question.

---

[5](...continued)
plaintiff identified "reasonably debatable" issues for appeal); *Tuggles v. City of Antioch*, 2010 WL 3955784 (N.D.Cal. 2010)(same); *Trevino v. Moore*, 2010 WL 1169782 (S.D.Tex. 2010)(transcript denied because plaintiff failed to explain how hearing transcript necessary for appeal); *Parker v. Ward*, 2009 WL 3431394 (S.D.Tex. 2009)(transcript denied because plaintiff failed to identify issues on appeal, appellate court had not indicated it required transcript of any proceedings, and case resolved on summary judgment).

[6] Record document number 290, p. 3.

[7] Record document number 285, minute entry for October 27, 2011.

[8] Rule 50(a)(1), Fed.R.Civ.P.

[9] Only employers, not individuals acting in their individual capacity who do not otherwise meet the definition of employers under Title VII, can be held liable under Title VII. *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994).

3

Moreover, since the plaintiff is appealing the summary judgment ruling, it is not apparent why a trial transcript would be necessary.

Accordingly, Plaintiff's Motion Requesting Waiver of Cost to Prepare Trial Transcript and Expedited Consideration is denied.

Baton Rouge, Louisiana, December 7, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE